JULIO DIEPPA IGLESIAS, Plaintiff and Appellant, v. FRANCISCO R. RIVERA, Defendant and Appellee.

No. 5002.   Argued February 12, 1931.—Decided February 20, 1931.

F. Cervoni Gely for appellant.   Angel M. Villamil for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was an action for malicious prosecution wherein the District Court of Humacao rendered judgment for the defendant. Reference was made to the case of Parés v. Ruiz, 19 P.R.R. 323, where it was stated that it was necessary for a com-

plainant to prove three elements in order that he might obtain a judgment. These were: First, that the plaintiff had been complained against by the defendant; second, that the prosecution had resulted favorably to the plaintiff, and third, that the suit was prosecuted maliciously and without probable cause. The theory of the court below was that the plaintiff had failed to prove a lack of probable cause. The defendant charged the plaintiff with having embezzled a cow which was entrusted to him by the defendant. The plaintiff gave evidence tending to show that the cow was actually sold to him. Thus there arose a conflict in the evidence, and the court, analyzing the same, found that it could not say that there was a lack of probable cause. Furthermore, before the defendant began the prosecution he consulted a lawyer (according to the court a very reputable one) and the said lawyer advised the defendant that he had a right to prosecute the plaintiff for the alleged embezzlement.

We have examined the evidence and the brief of the appellant, and we can not say that the court was mistaken in arriving at the conclusion that no lack of probable cause had been shown. The arguments of the appellant were of a nature rather to convince the trial court, than a court of appeals.

As an example of the conflict, the defendant asserted that he made several requests for the return of the cow; and, on the other hand, the plaintiff said that no demand was made. Similar conflicts arose.

The appellant presents reasons why the advice of the lawyer should not have been followed. However, it will ordinarily take a strong case where a defendant would not be protected by the advice of a reputable lawyer, sincerely given.

The attitude of the plaintiff in trying to explain the profits that he lost by reason of the prosecution was very far from satisfactory, and by itself might have disinclined the court from believing his statements.

Although there was no assignment of errors presented in the brief, as required by the rules of this court, yet at the end of the brief a second alleged error is set forth. The appellant complained because the court below admitted evidence of a prosecution against the plaintiff filed after the prosecution for embezzlement had terminated. The appellant maintains that these were facts *post litem motam*. We are pretty well satisfied that to attack the veracity of a witness, facts happening after the principal issue can be offered in evidence.

The judgment appealed from will be affirmed.